J-S81023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DESEREA LITA NOEL | : | |
| | : | |
| Appellant | : | No. 1366 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 18, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000403-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DESEREA LITA NOEL | : | |
| | : | |
| Appellant | : | No. 1367 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 18, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000826-2017

BEFORE:   STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                 **FILED FEBRUARY 25, 2019**

Appellant, Deserea Lita Noel, appeals from the July 18, 2018 Judgments of Sentence entered in the Franklin County Court of Common Pleas following a hearing.  Appellant challenges the discretionary aspects of her violation of probation ("VOP") sentences.  Appellant's counsel has filed an **Anders**[1] Brief, together with a Petition to Withdraw as Counsel.  After careful review, we

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

---

*   Former Justice specially assigned to the Superior Court.

affirm Appellant's Judgment of Sentence and grant counsel's Petition to Withdraw.

On March 23, 2016, Appellant entered a guilty plea at docket number 403-2016 to one count of Retail Theft.[2]  The court sentenced Appellant to one year of intermediate punishment, 50 hours of community service, and attendance at a shoplifting class.

On August 5, 2016, the court found Appellant in violation of her intermediate punishment sentence.  The court granted Appellant a medical furlough due to her pregnancy, after which it sentenced Appellant on September 14, 2016, to 6 to 23 months' incarceration followed by 24 months' probation.  On October 7, 2016, Appellant was paroled.

On February 2, 2017, while on parole, Appellant was involved in an incident that resulted in police charging her at docket number 826-2017 with, *inter alia*, Conspiracy to Commit Simple Assault.[3]  It also resulted in Appellant violating her parole.  The VOP court, thus, resentenced her to a period of incarceration on March 27, 2017.  On July 26, 2017, the court again paroled Appellant.

On October 25, 2017, Appellant entered a guilty plea at a docket number 826-2017 to the Conspiracy charge.  The court sentenced Appellant at this docket number to 24 months of intermediate punishment, with immediate

---

[2] 18 Pa.C.S. § 3929(a)(1).

[3] 18 Pa.C.S. § 903.

release to a drug treatment program. The Good Wolf Treatment Court admitted Appellant into its program.

On July 18, 2018, Appellant admitted to violating the terms of her supervision by being unsuccessfully discharged from the Good Wolf Treatment Court program and for twice testing positive for unlawful substances. Following a hearing, the VOP court revoked Appellant's parole and sentenced Appellant to a term of 2 to 5 years' incarceration for her Retail Theft conviction and a concurrent term of 1 to 2 years' incarceration for her Conspiracy to Commit Simple Assault conviction.

Appellant did not file a Post-Sentence Motion. She did, however, timely appeal from each of her Judgments of Sentence.[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On October 31, 2018, counsel filed the **Anders** Brief and Petition to Withdraw as Counsel. Appellant did not file a *pro se* or counselled response to either the Brief or the Petition.

As a preliminary matter, we address counsel's Petition to Withdraw. "When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to

---

[4] This Court consolidated Appellant's appeal *sua sponte*. **See** Pa.R.A.P. 513.

- 3 -

*Anders*, our Supreme Court has determined that counsel must meet certain requirements, including:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, counsel has complied with all of the requirements of *Anders* as articulated in *Santiago*. Additionally, counsel confirms that he sent Appellant a copy of the *Anders* Brief, as well as a letter explaining to Appellant that she has the right to proceed *pro se* or the right to retain new counsel. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super 2005) (describing notice requirements). Counsel appended a copy of the letter to his Petition to Withdraw.

Because counsel has satisfied the above requirements, it is now this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting that *Anders* requires the reviewing court to "review 'the case'

- 4 -

as presented in the entire record with consideration first of issues raised by counsel.").

We first address the issue raised by counsel in the **Anders** Brief:

Did the trial court abuse its discretion when it sentenced [Appellant] to a sentence of 24 months to 60 months in a state correctional institution in case 403-2016 and concurrently to a sentence of 12 months to 24 months in a state correctional institution in case 826-2017[?]

**Anders** Brief at 8 (some capitalization omitted).

Instantly, Appellant claims that the court's imposition of a sentence of state incarceration was manifestly unreasonable. **Anders** Brief at 13. She, thus, challenges the discretionary aspects of her sentence. **See Commonwealth v. Fullin**, 892 A.2d 843, 847-52 (Pa. Super. 2006) (considering a challenge to a trial court's decision to commit an offender to a state prison instead of a county facility as a challenge to the discretionary aspects of the sentence). A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. **Commonwealth v. Hunter**, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

We conduct a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In this case, Appellant filed a timely Notice of Appeal, and her Brief includes a Pa.R.A.P. 2119(f) Statement. However, Appellant failed to raise her challenge to the discretionary aspects of her VOP sentences at the sentencing hearing or in a Post-Sentence Motion.[5] Thus, Appellant has waived this claim. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (reiterating that "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed").

Judgments of Sentence affirmed. Petition to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2019

---

[5] Prior to the VOP court imposing Appellant's VOP sentences, her counsel informed the court that she "would very much like to be able to be kept local[.]" N.T. Sentencing, 7/18/18, at 4. However, Appellant did not challenge the court's VOP sentences on the record after the court imposed them.